UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-459-JGH

KRUTI DESAI, *et al.*                                                                                     PLAINTIFFS

V.

CHARTER COMMUNICATIONS, LLC                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Charter Communications, LLC's motion to dismiss all four claims in Plaintiffs' complaint. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). For the following reasons, Charter's motion to dismiss is granted in part and denied in part.

I.

Plaintiffs' complaint begins by generally describing their version of events. Plaintiffs Kruti Desai, Melanie Fink, Belinda Gale Parkerson, Jeremy Parkerson, Daniel Popp, James Ross, and Carolyn Vincent were employed by Defendant Charter Communications, LLC, in various capacities. Over the course of two years, all of them accepted an offer to take home one or more Hewlett-Packard ink jet printers. Charter had apparently obtained the printers through award points but determined that it could not use them because of a policy prohibiting the use of

Hewlett-Packard products. The seven Plaintiffs were advised that the ink jet printers could not otherwise be returned to the manufacturer.

The Charter employee actually offering the printers was Linda Showalter. Showalter was an Office Supply Administrator for Charter, which meant she was in charge of ordering printers and answering Plaintiffs' questions about Charter equipment and office supplies. She told all seven Plaintiffs they could take one or more of the surplus printers home to have and keep as their own. In some instances, Showalter helped carry the printers from Charter's office to the Plaintiffs' vehicles. Between 2011 and 2013, Showalter gave away twenty-six printers to Plaintiffs and other Charter employees. She was an agent of Charter authorized to handle, dispense, purchase, sell, and otherwise distribute office supplies and office equipment at Charter. Charter was (or should have been) knowledgeable of Showalter's dispensing of the printers.

Sometime before October 2013, Plaintiffs learned that something was wrong. Charter management approached all seven Plaintiffs individually to participate in interviews regarding what appeared to be some type of investigation of Showalter. All Plaintiffs freely discussed how Showalter had given them printers over the years. Management asked all of them to return the printers. Plaintiffs returned all but one, and some of these were unopened.

On October 9, 2013, Charter fired all seven Plaintiffs for taking the printers from Showalter. At least two other Charter employees who accepted printers were not fired. Sometime after the termination, Charter distributed and presented a PowerPoint presentation in relation to the printer distribution and subsequent investigation. This presentation "generally identified the Plaintiffs," referred to the printer distribution as "Printer-gate," and "contained statements harmful to the Plaintiffs' character and business reputation." DN 7, at ¶ 25.

Plaintiffs' complaint alleges four causes of action: (1) wrongful termination; (2) defamation; (3) intentional infliction of emotional distress; and (4) conversion. Each cause of action incorporates the facts described above. The remaining portions follow:

### Count I – Wrongful Termination

26. . . . .

27. The termination of each of the seven (7) Plaintiffs herein was contrary to one or more fundamental and well-defined public policies evidenced by constitutional and/or statutory law.

28. The actions of Charter constitute wrongful discharge under Kentucky Law, entitling the Plaintiffs to an award of compensatory and punitive damages.

### Count II – Defamation

29. . . . .

30. Charter made false statements alleging misconduct on the part of the Plaintiffs relating to the above-referenced distribution of Hewlett-Packard ink jet printers, including but not limited to the presentation.

31. Charter's actions and statements constitute defamation under Kentucky law.

32. As a proximate result of the actions of Charter, the Plaintiffs have sustained and will continue to sustain injuries which justify an award of compensatory and punitive damages.

### Count III – Intentional Infliction of Emotional Distress

33. . . . .

34. Charter's actions in connection with the termination of the seven (7) Plaintiffs, and the subsequent presentation referenced above, constitute intentional infliction of emotional distress under Kentucky law.

35. As a proximate result of the actions of Charter, the Plaintiffs have sustained and will continue to sustain injuries which justify an award of compensatory and punitive damages.

### Count IV – Conversion

35. . . . .

37. The Plaintiffs, Jeremy Parkerson, Carolyn Vincent and Melanie Fink were denied access to certain of their personal belongings and property in their work area at the Charter office following their termination.

38. Charter informed these Plaintiffs, and/or certain of them, that it would ship all of their personal belongs [sic] to them following their termination.

39. Charter failed to deliver the belongings and property of these Plaintiffs to them, or to compensate them for the fair and reasonable value thereof.

40. Said actions of Charter constitute conversion under Kentucky law.

> 41. As a proximate result of said actions by Charter, the Plaintiffs, Jeremy Parkerson, Carolyn Vincent and Melanie Fink, have sustained and will continue to sustain injury which justifies an award of compensatory and punitive damages.

DN 7, at Page ID # 51-52. Defendant moved to dismiss all claims. The Court will consider each in turn.

## II.

The Court first analyzes the wrongful termination claim. "Employment in Kentucky is 'at will' unless the parties otherwise agree." *Noel v. Elk Brand Mfg. Co.*, 53 S.W.3d 95, 98 (Ky. App. 2000). "Ordinarily an employer may discharge an at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible." *Wymer v. JH Props.*, 50 S.W.3d 195, 198 (Ky. 2001). There is a limited judicial exception to the at-will employment doctrine for terminations that violate public policy. *See Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985). This applies when: (1) the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law; and (2) the relevant public policy is evidenced by a constitutional or statutory provision. *Id.* There are only two situations "where grounds for discharging an employee are so contrary to public policy as to be actionable absent explicit legislative statements prohibiting the discharge." *Id.* at 402 (quotations and citation omitted). They are: (1) "where the alleged reason for the discharge of the employee was the failure or refusal to violate a law in the course of employment" and (2) "when the reason for a discharge was the employee's exercise of a right conferred by well-established legislative enactment." *Id.*

The Court cannot find that these circumstances show that Plaintiffs' terminations violated any fundamental and well-defined public policy. First, Plaintiffs do not allege that they were discharged because they failed to violate a law in the course of their employment with Defendant. Second, Plaintiffs have not identified, and the Court could not identify, any relevant

4

public policy that is evidenced by a constitutional or statutory provision. It is, of course, plausible that Plaintiffs were terminated through no fault of their own. But without a violation of a well-defined public policy, Plaintiffs do not have a viable cause of action. This claim is therefore dismissed.

III.

The Court next considers Plaintiffs' defamation claim. Under Kentucky law, a plaintiff must allege four elements to state a defamation case: (1) defamatory language; (2) about the plaintiff; (3) which is published; and (4) which causes injury to reputation. *Columbia Sussex Corp., Inc. v. Hay*, 627 S.W.2d 270, 273 (Ky. App. 1981). Plaintiffs' complaint presents a plausible claim that all four elements are satisfied. As for the first and second elements, the complaint alleges that Defendant gave a PowerPoint presentation that included false statements about the Plaintiffs' role in "Printer-Gate." With respect to the third element, Plaintiffs claim that Defendant gave this presentation to other employees. And for the final element, Plaintiffs allege that this presentation contained statements that were harmful to Plaintiffs' character and business reputation. Plaintiffs have therefore made a plausible claim for defamation. Defendant's motion to dismiss this claim is denied.

IV.

Third, to state a prima facie case for intentional infliction of emotional distress under Kentucky law, a plaintiff must show: (1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there is a causal connection between the defendant's conduct and the emotional distress; and (4) the plaintiff's emotional distress is severe. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004). "Liability has been found only where

the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Humana of Ky. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990) (quoting Restatement (Second) of Torts, § 46, cmt. D (1965)). "The mere termination of employment and the resulting embarrassment do not rise to the level of outrageous conduct and resulting severe emotional distress necessary to support a claim for IIED." *Miracle v. Bell Co. Emergency Med. Servs.*, 237 S.W.3d 555, 560 (Ky. App. 2007).

Plaintiffs have failed to satisfy the second and fourth elements of IIED. In support of their claim, they allege no outrageous conduct beyond their terminations and the allegedly defamatory PowerPoint presentation. After presenting the general facts, the IIED claim merely concludes that the actions and presentation "constitute intentional infliction of emotional distress under Kentucky law." Both Kentucky law and the federal pleading standards require more. This claim is dismissed.

V.

And finally, to establish a prima facie case of conversion, a plaintiff must prove (1) the plaintiff had legal title to the converted property; (2) the plaintiff had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment; (4) the defendant intended to interfere with the plaintiff's possession; (5) the plaintiff made some demand for the property's return which the defendant refused; (6) the defendant's act was the legal cause of the plaintiff's loss of the property; and (7) the plaintiff suffered damage by the loss of property. *Kentucky*

*Ass'n of Cntys. All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 632 n.12 (Ky. 2005) (quoting C.J.S. *Trover & Conversion* § 4 (2004)).

This is a closer call, but the Court finds that Plaintiffs have established a plausible claim for conversion. They allege that Defendant failed to return personal belongings from their work areas after they were terminated. They also allege that they made a demand for the return of their property and that Defendant never responded. Plaintiffs' weakness here is that they have not yet specifically described the items that Defendant allegedly converted. Nevertheless, the claim that Defendant converted property from "their work area" is sufficient to put the Defendant on notice of the claim against it. Plaintiffs have asserted a plausible conversion claim; Defendant's motion to dismiss this claim is denied.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss Plaintiff's claims for wrongful termination and intentional infliction of emotional distress is SUSTAINED and these claims are DISMISSED.

IT IS FURTHER ORDERED that Defendant's motion to dismiss Plaintiff's claims for defamation and conversion is DENIED.

cc:   Counsel of Record