UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KRUTI DESAI, et al.,                                              Plaintiffs,

v.                                               Civil Action No. 3:14-cv-459-DJH-DW

CHARTER COMMUNICATIONS, LLC,                                      Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Charter Communications, LLC filed an untimely motion for leave to amend its answer in this defamation case.  (Docket No. 48)  Charter offered no explanation or justification for its failure to comply with the deadline for amendment of pleadings.  (*See id.*; D.N. 22)  Magistrate Judge Dave Whalin denied the motion on the ground that Charter had failed to demonstrate good cause to alter the litigation schedule.  (D.N. 59)  Charter objects to that ruling.  (D.N. 62)  Because the Court agrees with Judge Whalin that Charter has not established the necessary good cause and that the plaintiffs would be prejudiced by the timing of the proposed amendment, Charter's objection will be overruled.

## I.      BACKGROUND

The plaintiffs are former Charter employees who were fired for accepting free computer printers offered to them by Charter's office supply administrator.  (D.N. 7, PageID # 46, 48-50)  This action arises from Charter's use of the term "Printer-gate" during a PowerPoint presentation to other employees after the plaintiffs' termination.  The plaintiffs allege that Charter defamed them by identifying them as having been involved in "Printer-gate."[1]  (*Id.*, PageID # 50-51)

---

[1]  The plaintiffs also asserted claims of wrongful termination and intentional infliction of emotional distress, which were dismissed under Rule 12(b)(6) (*see* D.N. 15), and conversion, which was dismissed by stipulation.  (*See* D.N. 45)

## A.     Motion for Leave to Amend

On December 7, 2015, more than four months after the deadline for amendment of pleadings, Charter moved for leave to amend its answer to assert the affirmative defense of qualified privilege.  (D.N. 48; *see* D.N. 22)  The plaintiffs opposed Charter's motion, arguing that Charter had unduly delayed in seeking amendment and that they would be significantly prejudiced if the issue of qualified privilege were introduced at such a late stage of the case.[2] (D.N. 53, PageID # 381-83)  They further contended that Charter had been uncooperative with regard to discovery.  (*Id.*, PageID # 383)  Charter replied that the plaintiffs would not be prejudiced by addition of the qualified-privilege defense because they had been on notice since June 2015—"months before Plaintiffs commenced *any* written discovery or depositions"—that Charter intended to assert it.  (D.N. 55, PageID # 430)  In addition, Charter noted that the first deposition taken in the case, that of former Charter Human Resources Director Rodger Simms, had "brought the qualified privilege directly in issue."  (*Id.*, PageID # 432)  And "Charter would be severely prejudiced," it argued, if it were not permitted to assert the privilege.  (*Id.*)

## B.     Magistrate Judge's Order Denying Leave to Amend

Judge Whalin construed Charter's motion as a request to modify the scheduling order subject to Rule 16(b)'s good-cause standard.[3]  (*See* D.N. 59, PageID # 453)  Citing "the complete absence of good cause for the belated motion, and the resulting severe prejudice to the Plaintiffs from permitting such an untimely amendment," he denied the motion.  (*Id.*, PageID # 457; *see id.*, PageID # 453 (citing *In re Foss Maritime Co.*, No. 5:12-cv-21-GNS, 2015 WL 4163007, at *2 (W.D. Ky. July 9, 2015)))  Judge Whalin's order explained:

---

[2] When Charter filed its motion, the discovery deadline was less than one month away.  (*See* D.N. 36)

[3] Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."

> Charter has not shown that despite its best efforts it was unable to meet the deadline for amendment of the pleadings.   Charter was well aware of the existence of this affirmative defense, and indeed indirectly and informally suggested to counsel for the Plaintiffs the possibility that it might be raised.  Yet[] after doing so[] immediately prior to the expiration of the amendment deadline, Charter took no formal action until six months later, less than one month before the closure of discovery.

(*Id.*, PageID # 454-55)

### C.   **Charter's Objection**

In its objection to Judge Whalin's ruling, Charter claims for the first time that good cause exists because its delay in seeking leave to amend was due in part to the plaintiffs' late response to its written discovery requests.  (*See* D.N. 62, PageID # 955-98; 1001-04)  It maintains that amendment would result in no prejudice to the plaintiffs since (1) they have been on notice since June 2015 that the defense would be asserted and (2) to prove their defamation claim, they will have to establish that the defamatory statements were unprivileged.  (*See id.*, PageID # 1004-08)  The plaintiffs filed a response to Charter's objection notwithstanding Local Rule 72.2, which prohibits responses to written objections "[u]nless directed by the Court."[4]  (D.N. 68)  The Court heard oral argument concerning the objection on October 27, 2016.  (*See* D.N. 80)

## II.   **ANALYSIS**

The parties disagree as to the applicable standard of review.  A magistrate judge's decision on a dispositive motion is subject to de novo review, while nondispositive rulings are reviewed for clear error.  *See* 28 U.S.C. § 636(b)(1).  Although a motion for leave to amend is not among the dispositive motions listed in § 636(b)(1)(A), the "practical effect" of Judge Whalin's ruling was to eliminate Charter's qualified-privilege defense, and it thus may be deemed dispositive.  *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001); *see id.*

---

[4] The rule applies to nondispositive orders, which the plaintiffs believed Judge Whalin's order to be.  (*See* D.N. 68, PageID # 1176)  As discussed below, the order was likely dispositive.

3

at 514-15 (motions listed in statute "are called 'dispositive' because they are 'dispositive of a claim *or defense* of a party,'" and list is nonexhaustive (emphasis added) (quoting Fed. R. Civ. P. 72)).   Here, however, the outcome is the same under either standard of review: Charter's objection will be overruled.[5]

As Judge Whalin noted, Charter's motion must first be evaluated under Rule 16's "good cause" standard for amendment of a scheduling order, as opposed to Rule 15's lenient "freely give leave" standard.  *Leary v. Daeschner*, 349 F.3d 888, 905-09 (6th Cir. 2003).  According to the advisory committee's note to Rule 16, "good cause" requires a showing that the existing deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Because Charter did not even attempt to make this showing in its motion for leave to amend, its arguments of good cause have been waived.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." (citations omitted)).   Even if properly made, those arguments are inconsistent and unpersuasive.

---

[5] Charter similarly concludes that the standard of review is immaterial.  It declares that "because [it] alternatively brings this Motion as a renewed motion, it is not necessary that the Court find error in Magistrate Judge Whalin's Order.  (D.N. 62, PageID # 1001)  Charter's "renewed motion," however, was denied by Judge Whalin as premature because the objection remained pending.  (D.N. 72)  The argument that a party may repeatedly "renew" a motion throughout litigation—an argument for which Charter cites no authority—is uncompelling, particularly since § 636 and Rule 72 already provide a mechanism for reconsideration of a magistrate judge's order.  While Charter is correct that leave to amend may be sought even during trial, *see* Fed. R. Civ. P. 15(b), the rule does not contemplate multiple motions seeking identical relief.  Charter's contention that its "[m]otion is interlocutory in nature and could be refiled before the Court at any time, including again during trial to conform to the evidence" reads almost as a threat: we will keep making this motion unless and until the Court finds in our favor.  (D.N. 62, PageID # 1001)  If this is Charter's position, it is not well taken.

A.      **Good cause**

Charter simultaneously argues that (1) it could not have sought amendment sooner because it didn't yet know that qualified privilege applied and (2) in June 2015, it told the plaintiffs in no uncertain terms that it would assert the privilege.  (*See* D.N. 62, PageID # 1001-05)  In support of the first contention, it cites *1704 Farmington, LLC v. City of Memphis*, No. 08-2171-STA, 2009 WL 2065337 (W.D. Tenn. July 10, 2009).   But the portion of the *1704 Farmington* decision Charter quotes does little to help its case.  In *1704 Farmington*, the Western District of Tennessee found good cause to allow amendment because although the defendant's motion came "more than nine months after the deadline for amending pleadings had passed,"

> Defendant asserts that it had assumed that this immunity defense was not available and only through discovery did it learn that it might retain immunity.  Had Defendant initially asserted this defense without reasonable grounds for doing so, Defendant would have been vulnerable to Plaintiffs' attacks on the defense.  There existed, therefore, a sound basis for not seeking leave to amend before now.

*Id.* at *3.

Unlike the defendant in *1704 Farmington*, Charter has admitted it knew all along that the qualified-privilege defense was available.  (*See, e.g.*, D.N. 62, PageID # 1004-05)  And indeed it should have, as the plaintiffs' amended complaint identified the PowerPoint presentation as the source of the allegedly defamatory statements, and that presentation was in Charter's possession.  (*See* D.N. 7, PageID # 50-51 ¶¶ 24-25; D.N. 53, PageID # 383)  In short, it is hard to see what information Charter lacked that was necessary to timely assert the defense of qualified privilege; affirmative defenses need not be "pleaded with particularity."  *N.H. Ins. Co. v. MarineMax of Ohio, Inc.*, 408 F. Supp. 2d 526, 529 (N.D. Ohio 2006) (citing *Baker v. Detroit*, 483 F. Supp. 919, 921 (E.D. Mich. 1979)).  The Court therefore concludes, as did Judge Whalin, that Charter has failed to establish good cause to modify the scheduling order.

## B.     Prejudice

The Court likewise agrees that the plaintiffs would be prejudiced by the proposed amendment.  *See Leary*, 349 F.3d at 909.  As mentioned above, Charter insists that the plaintiffs always knew the defense of qualified privilege would be asserted.  The plaintiffs acknowledge having received correspondence from Charter's counsel in June 2015 advising that Charter intended to invoke the qualified privilege, but they maintain that they "took the letters as posturing on the part of the [d]efendant and placed no significance [on] its legal arguments." (D.N. 53, PageID # 382)  Given Charter's failure to seek amendment until discovery was nearly complete, the plaintiffs could have reasonably assumed that it had decided not to pursue this defense.

Moreover, the plaintiffs point out that a few days before Charter filed its motion for leave to amend (and just a few weeks before the close of discovery), they received a Rule 26 disclosure from Charter identifying sixty-seven witnesses—the meeting attendees who saw the PowerPoint presentation—whose names had previously been provided only in an illegible list.  (D.N. 53, PageID # 383)  The plaintiffs understandably view this as a strategic move connected to the last-minute attempt to assert qualified privilege and designed to give Charter an unfair advantage. (*Id.*)

Charter also contends that the plaintiffs cannot be prejudiced by its assertion of qualified privilege because the privilege will be at issue regardless of any amendment.  (D.N. 62, PageID # 1006-07)  It observes that to support a claim of defamation under Kentucky law, a statement must be unprivileged.  (D.N. 62, PageID # 1006-07)  The Kentucky Supreme Court has identified "unprivileged publication to a third party" as an essential element of a defamation claim.  *Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2015) (footnote omitted) (quoting

6

Restatement (Second) of Torts § 558 (1977)).  The *Toler* court discussed qualified privilege at length, noting several times that the plaintiff bears the burden of defeating the defense by showing either actual malice or abuse of the privilege.  *See id.* at 283-84.  But nothing in *Toler* suggests that the plaintiffs would be required to make an affirmative showing with respect to privilege if Charter were not permitted to assert it.  *See Doe v. Coleman*, 497 S.W.3d 740, 757 (Ky. 2016) (Cunningham, J., dissenting) ("Appellants do not assert that the communications are privileged[,] nor do they deny that the statements were published to a third party.  We address this element only to reiterate that publication is a critical component of a prima facie case for defamation.  Privilege, however, is not.").  Injecting the issue of qualified privilege at this stage of the proceedings thus would substantially increase the plaintiffs' burden.

## III.   CONCLUSION

Charter has failed to establish good cause for its request, and the plaintiffs would be prejudiced by the proposed amendment.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)   Charter's objection (D.N. 62) is **OVERRULED**.

(2)   This matter is **REFERRED** to Magistrate Judge Dave Whalin for a status conference to determine the remaining pretrial schedule.

December 27, 2016

**David J. Hale, Judge**
**United States District Court**